# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2012

No. 12-30253
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY BENJAMIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-105-1

Before  HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Benjamin, federal prisoner # 30977-034, challenges the district court's grant of his 18 U.S.C. § 3582(c)(2) motion.  Benjamin sought a reduction of his sentence of 170 months of imprisonment for possession with the intent to distribute 50 grams or more of cocaine base.  His recalculated guidelines range was 120 to 150 months of imprisonment.  The district court granted § 3582(c)(2) relief but reduced Benjamin's sentence to 158 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Benjamin argues that the district court should not have imposed a sentence that was higher than the new guidelines range because he was sentenced within the original guidelines range and there was nothing in his post-sentencing record to suggest that a nonguidelines sentence was required. Further, Benjamin argues that the district court failed to give reasons for not reducing his sentence by more than 12 months.

The decision to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion.[1] In determining whether to reduce a sentence, the court first determines whether a sentence modification is authorized and to what extent.[2] Next, the court must consider the applicable 18 U.S.C. § 3553(a) sentencing factors and determine whether a reduction in whole or in part is warranted under the circumstances of the particular case.[3]

Although the district court did not discuss the post-sentencing conduct it considered, Benjamin concedes that he presented the district court with the record of his post-sentencing rehabilitative conduct.[4] With respect to stating reasons for the amount of reduction, this court has held that because the district court is under no obligation to grant a reduction or state reasons for denying a reduction, the district court is under no obligation as to the extent of the reduction and under no obligation to state reasons for the extent of the reduction.[5]

---

[1] *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

[2] *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

[3] *Id.* at 2692.

[4] *See Evans*, 587 F.3d at 672-73 (rejecting the defendant's contention that the district court erred by failing to credit his post-sentencing record of rehabilitation to further reduce his sentence, where the district court had the defendant's arguments before it).

[5] *Id.* at 673-74.

No. 12-30253

Benjamin has failed to show that the district court abused its discretion in granting him relief under § 3582(c)(2).  The judgment of the district court is AFFIRMED.