# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY BENJAMIN,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-105-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Benjamin, federal prisoner # 30977-034, challenges the denial of his 18 U.S.C. § 3582(c)(2) sentence-reduction motion. In 2010, he pleaded guilty to: possession, with intent to distribute, 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); possession, with intent to distribute, 500 grams or more of cocaine hydrochloride, in violation of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30418

§ 841(a)(1) and (b)(1)(B); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Benjamin's pre-sentence investigation report (PSR) calculated his total-offense level at 29, and his criminal history category at V, which resulted in an advisory Sentencing Guidelines range of 140 to 175 months' imprisonment. The court adopted the PSR, and sentenced Benjamin to 170 months.

In 2011, citing Guideline Amendment 750, Benjamin moved for a sentence reduction under § 3582(c)(2). The court: granted the motion; reduced Benjamin's total-offense level to 27, giving him a Guidelines range of 120 to 150 months' imprisonment; and reduced his sentence to 158 months' imprisonment. Our court affirmed that above-Guidelines sentence. *See United States v. Benjamin*, 487 F. App'x 937, 938 (5th Cir. 2012).

In 2014, Benjamin filed the § 3582(c)(2) motion that forms the basis of this appeal, asserting he was entitled to another sentence reduction based on Amendment 782 (reducing base-offense levels provided for in Guidelines' drug-quantity table). As a result of that amendment, Benjamin's total-offense level was reduced to 25, and his amended Guidelines range was reduced 120 to 125 months' imprisonment. Nonetheless, the court denied his motion, stating Benjamin's current 158-month sentence was "fair and reasonable under the circumstances" and that he "received the prior benefit of a sentence reduction".

In challenging that determination, Benjamin asserts: he was eligible for a sentence reduction; and, the court abused its discretion in denying his § 3582(c)(2) motion because it clearly erred in its assessment of the evidence when weighing the 18 U.S.C. § 3553(a) sentencing factors. A decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion. *E.g.*, *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

No. 15-30418

Section 3582(c)(2) provides for reductions where a sentence was imposed "based on a sentencing range that has subsequently been lowered by the Sentencing Commission". *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (quoting § 3582(c)(2)). Such reductions "are not mandatory; this section merely gives the district court discretion to reduce a sentence under limited circumstances". *Id.* at 238.

The record shows the court gave due consideration to: Benjamin's § 3582(c) motion; the § 3553(a) factors; and his mitigating assertions, including his positive post-sentence rehabilitation efforts. As noted, the court was under no obligation to grant a sentence reduction. *See Evans*, 587 F.3d at 673. Accordingly, Benjamin fails to show the requisite abuse of discretion. *See id.* at 672–73 & n.11; *United States v. Whitebird*, 55 F.3d 1007, 1009–10 (5th Cir. 1995).

AFFIRMED.